UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD RAY SHIPP #135061,             Case No. 2:05-cv-129

       Petitioner,

v.                                  HON. RICHARD ALAN ENSLEN

JERRY HOFBAUER,

       Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This was a habeas corpus action prosecuted by a state prisoner pursuant to 28 U.S.C. § 2254. By Order enter on October 6, 2005, this Court denied Petitioner's motion for order to correct improper extension of time for Respondent to file an answer. Petitioner has now filed an appeal of this order and a motion for a certificate of appealability.

Petitioner has also requested that he be allowed to proceed *in forma pauperis* on appeal. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has complied with Rule 24(a), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to file the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal.

In light of his indigence, Petitioner may proceed *in forma pauperis* without prepayment of fees in his appeal. FED. R. APP. P. 24(a). Petitioner is not required to pay the filing fee of $255 through the method outlined in 28 U.S.C. § 1915(b) of the Prison Litigation Reform Act of 1995, because the fee provisions of the PLRA do not apply to an appeal from a decision on an application for habeas relief. *Kincade*, 117 F.3d at 951. Further, the Sixth Circuit has expressly excluded actions brought pursuant to § 2254 from the restriction contained in § 1915(a)(3) which precludes *in forma pauperis* appeals if the district court certifies that the appeal is not taken in good faith. *Id.* at 951-52. Rule 24(a) includes a similar restriction; however, that restriction applies only to a petitioner who was permitted to proceed *in forma pauperis* in the district court and seeks to continue that status on appeal. Petitioner was not granted *in forma pauperis* status in the district court; accordingly, there appears to be no statutory basis or rule for this court's consideration of whether the instant appeal is taken in good faith.

Petitioner's request for a certificate of appealability will be denied. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1291, the Courts of Appeals shall have jurisdiction of appeals from all final decisions of the district courts. There has been no such final decision in this case, and Petitioner continues to have claims pending in the district court. Therefore, because the Sixth Circuit does not have jurisdiction over this appeal, Petitioner is not entitled to a certificate of appealability.

**IT IS HEREBY ORDERED** that Petitioner's Motion for Certificate of Appealability (Dkt. No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed *in forma pauperis* on Appeal (Dkt. No. 25) is **GRANTED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 20, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |