UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD RAY SHIPP,

    Petitioner,

v.                                                                           Case No. 2:05-cv-129
                                                                          HON. R. ALLAN EDGAR

JERRY HOFBAUER,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Donald Ray Shipp filed this petition for writ of habeas corpus challenging the validity of his continued incarceration on his multiple state court convictions. Petitioner maintains that he has already served his maximum sentence and that he should be immediately discharged. The Michigan Department of Corrections Offender Tracking Information System lists petitioner's earliest release date as July 16, 2000 and his maximum discharge date as September 5, 2008.

Petitioner maintains that his incarceration violates his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. The Michigan Court of Appeals decision summary affirmation of petitioner's state writ of habeas corpus was contrary to United States Supreme Court precedent concerning a state prisoners liberty interest when a state in its rules and regulations creates mandatory language to govern its activities.

II. Petitioner's completed service on the statutory 10 year maximum of his F prefix "which commenced on August 15, 1986," in October of 1996; thereby entitling him to be released under Michigan Public Act.

III. It is in violation of the United States Constitution Eighth Amendment to hold a state prisoner beyond his statutory maximum release date in prison without a new felony conviction.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams*

*v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner filed a previous application for writ of habeas corpus on these issues which was denied by this court for failure to exhaust state court appeals. In a previous Report and Recommendation, the facts of petitioner's incarceration were stated as follows:

> Thereafter, petitioner filed a habeas corpus action in Wayne County Circuit Court. On September 9, 1999, Judge Susan D. Borman of the Wayne County Circuit Court issued an opinion and order denying petitioner's application for habeas corpus relief. *In re Donald Ray Shipp,* Case No. 99-917954-AH (Wayne County Circuit Court September 9, 1999). Judge Borman's opinion contained the following summary of petitioner's sentences, "each denoted with a letter prefix to show the order of sentencing:"

| | | | |
|---|---|---|---|
| A | 3/1/73 | Larceny in Building | 2-4 years |
| A | 4/1/73 | Larceny in Building | 2-4 years |
| B | 6/11/76 | Robbery Armed | 5-15 years |
| C | 5/22/78 | Larceny in Building | 2-4 years |
| D | 5/3/82 | Larceny in Building | 2 years 8 months - 4 years |
| D | 4/2/82 | Checks Without Funds | 1 year 1 month -2 years |
| E | 6/27/83 | Larceny in Building | 1-2 years |
| F | 8/15/86 | Breaking and Entering | 3-10 years |

> Judge Borman stated that, "In addition, while Petitioner was on parole from his other prison sentences, he was sentenced to 2 to 5 years for receiving and concealing stolen property on September 27, 1998. Since Petitioner was on parole when this G-prefix offense was committed,[1] MCL768.7a(2) mandates that all sentences be served consecutive to any other sentences Petitioner is serving." (Op. at 1-2). Judge Borman

---

[1] The record shows that in 1998 petitioner pleaded no contest to receiving and concealing stolen property, pursuant to a plea agreement under which the prosecution agreed to dismiss charges of breaking and entering of a building and a habitual offender, fourth felony offense notice. Judge Conrad J. Sindt of the Calhoun County Circuit Court sentenced petitioner. Judge Sindt's Judgment of Commitment to the Department of Corrections expressly stated that the 2-to-5 year sentence was to be served consecutive to the sentence for which petitioner was on parole at the time he committed the 1998. On May 29, 2003, Judge Sindt denied petitioner's request for modification of this sentence.

found that as of September 9, 1999, petitioner was "serving is serving." (Op. at 1-2). Judge Borman found that as of September 9, 1999, petitioner was "serving time for his B, E, F and G prefix sentences, those sentences being ordered by the Court to be served consecutively." (Op. at 2). Release dates had been recorded for petitioner's A, C, and D sentences. (*Id.*).

In the Wayne County action, petitioner's "main claim for habeas corpus relief [was] that he ha[d] served more years than the maximum ten years on his F-prefix sentence of 3 to 10 years for breaking and entering. The F-prefix sentence [having been] imposed on August 15, 1996." (Op. at 2). Judge Borman rejected petitioner's argument. She found that, "Petitioner's B, E, F and G prefix sentences were ordered to be served consecutively, and thus the 15, 2, 10 and 5 year maximum sentences for each [were] to be added together pursuant to MCL 791.234(3); and none of these sentences [would] be discharged until the total of the sentences ha[d] been satisfied." (Op. at 2). She then quoted at length from the applicable Michigan statute:

> If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. <u>The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.</u>

(Op. at 2, quoting MICH. COMP. LAWS § 791.234(3)).

Judge Borman explained how petitioner's parole violation and other sentences had a significant impact upon the F-prefix sentence that petitioner sought to challenge.

> Since Petitioner's B prefix sentence was imposed on June 11, 19[7]6, the combined maximums for Petitioner's consecutive sentences of 32 years will not be served until the year 2008, without considering sentence credits. The maximum consecutive sentences added together are referred to as the consecutive sentence "string." MDOC Policy Directive 03.01.135, Paragraph III.PP. states:
>
>> If a prisoner is serving on consecutive sentences, none of the sentences which are part of the consecutive string shall be terminated until all sentences in that consecutive string have been served. . .

> As Respondent points out, if Plaintiff had successfully completed his parole on his F prefix, his entire consecutive maximum string would have been terminated. However, since Petitioner violated his parole with his G-prefix sentence, the G-prefix maximum was added to the existing maximum consecutive sentence string of 27 years for a new total of 32 years, which, as noted above, will be served by the year 2008, without allowance for sentence credits. However, Petitioner will be eligible for parole as early as May 1, 2000.
>
> This Court notes that Petitioner is correct that he has now served more than the maximum sentence for his F-prefix sentence of 3 to 10 years imposed on August 15, 1996. However, the MDOC is required to take into account all of petitioner's consecutive sentences since his B-prefix sentence on June 11, 1976. Therefore, according to the statute and policy directive, Petitioner will not be released from any sentence in his consecutive sentence string until the "total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole." MCL 791.234(3).

(Op. at 3).

After this Court's denial of petitioner's first federal habeas petition, petitioner filed a November 2002 state writ of habeas corpus in the Ionia County Circuit court raising the following claims:

> I.  Defendant is using an altered and incorrect time sheet to compute plaintiff's maximum discharge dated beyond plaintiff's correct discharge date.
>
> II.  Warden McKee has not ensured that plaintiff is not incarcerated beyond the maximum outdate of his sentence pursuant to PD 03.01.135III.
>
> III.  Plaintiff is entitled to release by statute.

The Court denied the petition. In November 2003, petitioner filed a complaint for writ of habeas corpus raising the following claims:

> I. Did Plaintiff appellee complete service on the statutory 10 year max of his F prefix with a commencement date of August 15, 1986. In November 1996; Thereby entitling him to be released under PA 1953, No. 232.
>
> II. Does a consecutive sentence stop the running of the prior imposed sentence if the new consecutive sentence is sentenced after the first out-date of the prior sentence has passed?
>
> III. Is it in violation of the U.S. Constitution Eighth Amendment to hold a state prisoner beyond his statutory maximum release date in prison?

On April 13, 2004, the Michigan Court of Appeals denied the complaint for habeas corpus. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, adding the claim that the MDOC used an altered and changed 2002 discharge date on the F prefix without due process of law. The Michigan Supreme court denied petitioner's application.

Respondent asserts that petitioner's failure to raise his third issue in the Michigan Circuit Court requires this court to dismiss the petition for failure to exhaust state law issues. Respondent concedes that petitioner raised this claim in both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner's third claim is simply a restatement of his first and second claim, and petitioner's first and second claims are really one claim. The sole issue is whether petitioner has actually served his sentence and should be immediately released from prison. It is clear that petitioner is required to complete the total number of years of his consecutive sentences before he can be discharged from imprisonment. Petitioner has not completed a successful parole of his consecutive sentences or served the combined maximum of his consecutive sentence. The April 4, 2001, affidavit of MDOC records administrator Vonda Jamrog explained that petitioner's maximum discharge date would be September 5, 2008, if he continued to forfeit or not earn disciplinary credits. Petitioner is currently eligible for parole because he has already served his

minimum combined consecutive sentence. However, he is not constitutionally entitled to parole. Petitioner has not shown that the MDOC miscalculated his sentences or that the prior Michigan Court decisions denying him the relief he is now requesting resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner has not

established that he is entitled to an immediate release from prison. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2008